UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
August 03, 2017
David J. Bradley, Clerk

David M. Sellers, §
§
    Plaintiff, §
§
versus §    Civil Action H-15-2657
§
Cetco Energy Services Company, LLC, et al., §
§
    Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

A vice president of an oilfield service company had an employment contract that said he would earn a long-term incentive if he worked at the company for five years. The company fired him 29 days before his five-year mark and did not pay the incentive. He sued claiming it. The company will prevail.

2. *Background.*

David Sellers was the vice president of business development for new-build capital-process equipment at Cetco Energy Services, an oilfield service company. On January 18, 2010, Sellers signed a contract with Cetco. It included a conditional long-term incentive. If Sellers were employed on January 18, 2015 – his fifth anniversary – he would be paid under the formula in the contract.

In 2014, Cetco restructured, and Sellers was fired on December 19, 2014 – 29 days before he would have qualified for the incentive. Sellers and Cetco agree that he was fired without cause, but disagree whether that precludes his receiving the incentive. Sellers says that Cetco owes him $428,681.71, the amount he would have been paid if he had been employed on the end date. Sellers also argues that, at the very least, he is entitled to a pro rata share of the incentive. Cetco says that it owes Sellers nothing because it did not employ him through January 18, 2015.

3. *Long-Term Incentive.*

The first sentence of the incentive clause is an unambiguous condition: If Sellers is employed on January 18, 2015, he will receive a long-term incentive.[1] Sellers was not employed by Cetco on January 18, 2015.

The second sentence further qualifies Sellers's eligibility. It says that he is not eligible for the incentive if he is fired for cause or resigns. That paragraph also addresses what would happen if someone did not meet the condition because of death or disability. The clause does not mention termination without cause.

The structure of Sellers's compensation package also indicates the conditional nature of the incentive. Part one says that Sellers *will* receive an annual base salary and part two says that Sellers *will* be paid commission. Part three, which addresses the incentive does not say that Sellers *will* receive the incentive. The contract distinguishes the salary and commission that Sellers will and did receive from the incentive that Sellers may receive if he meets the condition.

Sellers interprets the contract to mean that he gets the incentive unless he resigns or is terminated for cause. He also says that because termination without cause is not addressed, it would not prevent him from receiving the incentive.

Parties are not required to address every possible occasion for firing when writing a contract. If a situation is not covered by an exception, then it is covered by the general rule. Cetco did not address termination without cause because it was not an exception to the condition. Imposing an equitable clause to ensure that Sellers is paid the incentive would weaken every contract and promote rigidity in the labor market, which would harm workers, employers, and the economy.

Sellers also insists that he should get a pro rata share of the incentive for the time he worked at Cetco. In one case, seven workers who were fired without

---

[1] *See* Criswell v. European Crossroads, 792 S.W.2d 945, 948 (Tex. 1990).

cause were allowed to recover a bonus despite not meeting its requirements.[2] The workers were fired because the company they worked for was acquired and they were no longer needed. Under the contract, a worker would earn a bonus on December 31 each year and that bonus would be paid in four installments over four years. If a worker resigned or left the company for any reason other than death or disability, he would not be paid future installments of the previously earned bonus. The plan did not mention what would happen in the case of termination with and without cause.

The workers were employed for two years and ten months. During their last year of work they were fired ten weeks before their bonus date and, according to their contract, should not have received a bonus for that year. Also, since they left the company for a reason other than death or disability, they should not have received continued payments on the bonuses earned during their first two years of work. In allowing the workers to recover, the court emphasized the absence of a clause addressing termination without cause and ignored what the company did address. The contract clearly stated how a worker could receive a bonus: employment on December 31 and continued employment on the day bonuses were paid. The court supplied a clause that was not in the original contract in order to interpret the contract beyond its clear language. If courts amend contracts to ensure that workers are paid regardless of the situation, companies will stop devising inventive ways to pay and motivate their workers.

In another case, a court did not let a group of workers recover a bonus after being fired without cause because they did not meet the condition to receive it.[3] The contract said that if a worker was employed for two years, he would be eligible to receive a bonus of $15,000. The worker would forfeit the bonus if he was terminated for cause or resigned before the two-year mark.

Similar to Sellers, the workers were terminated without cause before a bonus was paid, an event not addressed. The court did not allow the workers to

---

[2]Enstar Corp. v. Bass, 737 S.W.2d 890, 892 (Tex.App,—El Paso 1987), no writ.

[3]Smith v. Carter, No. 2-03-313-CV, 2005 WL 327181, at *3 (Tex.App.—Fort Worth 2005), no pet.

recover the bonus because there was a condition precedent that the contract and the court said must be met.

Where there is a condition that must be met, the court's job is to enforce the contract as written, not convert it from what it says to what the worker wants it to say. The condition that Sellers must be employed for five years before becoming eligible for the long-term incentive does not change because Cetco and Sellers did not explicitly address the circumstances of his termination.

4. *COBRA.*

Sellers says that Cetco owes him six months of premiums to cover his continued health insurance through the Consolidated Omnibus Budget Reconciliation Act. It requires companies to supply the opportunity for the worker to continue group-health insurance for six months after they leave. If a worker chooses to keep coverage, he pays the premiums. Sellers's contract says that Cetco will pay his premiums for six months only if he signs a release of all claims in a form acceptable to Cetco. It sent Sellers a release, and he refused to sign it. Cetco furnished the required coverage, and it offered to pay the premiums as consideration for the release. Sellers rejected that offer.

5. *Conclusion.*

Sellers met the condition for neither the incentive plan nor COBRA offer. This case does not call for sympathy. Sellers is a smart executive who understood his contract and did not negotiate an exception for termination without cause. David M. Sellers will take nothing from Cetco Energy Services Company, LLC.

Signed on August 3, 2017, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge